UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

HYWEL C. BOWMAN                                                              PLAINTIFF

v.                                             CIVIL ACTION NO. 1:24-CV-P53-JHM

MICHAEL CHAMBLESS *et al.*                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action initiated by Plaintiff Hwyel C. Bowman. For the reasons set forth below, the Court will dismiss Plaintiff's claims for injunctive relief, stay this action as to his claims for damages, and deny the pending motions (DNs 4, 12, & 15).

**I.**

      Plaintiff is incarcerated as a pretrial detainee at Warren County Regional Jail. He initiated this action by filing a complaint on his own paper (DN 1); filing what was docketed as an amended complaint on a Court-supplied form (DN 7); and then filing a second amended complaint (DN 11).

      In the amended complaint, Plaintiff indicates that he is suing the City of Bowling Green, Kentucky; the Bowling Green Police Department; Warren County, Kentucky; the Warren County Drug Task Force; and the Warren County Regional Jail. Plaintiff also sues Warren County Drug Task Force Officers Detective Smith and Joshua Foust; Bowling Green Police Officers Michael Chambless, Clifton Phelps, Geoffery Gleitz, Benjamin Williams, and Abby Cassady. Plaintiff sues the individual Defendants in both their official and individual capacities. In the original complaint, Plaintiff also lists Bowling Green Police Officer Andrew Toopes as a Defendant.

      Plaintiff makes the following allegations in the amended complaint:

> On 12/24/23 the plaintiff was an overnight guest of Tara Shell and stayed in the same bedroom as the host. Plaintiff is the non-custodial parent of (1) child. On

> 12/25/23 the Plaintiff called the BG 911 dispatch and requested emergency medical personell for a fetynal overdose . . . . On 12/25/23 Tara Shell was pronounced dead at 12:01 p.m. Michael Chambless, Abby Cassady, Geoffery Gleitz, Clifton Phelps, Benjamin Williams stayed on the scene for hours investigating a crime after an NCIC check of the plaintiff came back as a convicted felon. Tara Shell death is ruled an accident. On 12/25/23 the defendants intimidated and coerced a minor for information pertaining to the passcode of an involuntarily abandoned password protected cell phones seized in the bedroom where the plaintiff was staying.[1] The defendants accessed text messages, pictures, banking information, applications, phone call logs, etc. without a judicial warrant violating the plaintiff's 4th and 14th Amendment constitutional rights. On 12/25/23 the defendants blocked the plaintiff from going into the bedroom during a search of the bedroom being conducted without a search warrant violating Plaintiff's 4th and 14th Amendment rights.[2]
>
> On 12/25/23 Michael Chambless sworn and subscribed a warrant that failed to establish probable cause that evidence would be found that a crime was committed by the plaintiff. On 12/25/23 the defendants used "controlled substances and drug paraphernalia" as reasonable and probable grounds to secure an invalid search warrant, whereas the plaintiff is immune from prosecution for a "controlled substance and drug paraphernalia" because the medical amnesty statute expressly and specifically bars the prosecution and the Attorney General of Kentucky concedes that fact violating the Plaintiff's 4th and 14th Amendments.
>
> On 12/25/23 the defendants used propaganda in the narrative of the citation like: "the children discovered the body" and "there were pills all over the place" and acted as prosecutors adding "he may be charged with manslaughter" shading bias onto the plaintiff . . . . The defendants also said a tan pill with the inscription "M30" contained fetynal as a probable cause but cannot produce this "M30" pill as evidence. The defendants conspired to interfere with Plaintiff's civil rights to prosecute the plaintiff illegally. Furthermore, the defendants have grossly overcharged the plaintiff and have the plaintiff facing 30 years of prison. . . . The defendants used the plaintiff's civil disability as a "convicted felon" of 20 years ago to discriminate against the plaintiff and violate plaintiff due process, Eighth and Fourteenth Amendment constitutional and Civil Rights Act of 1964 and currently have plaintiff incarcerated illegally under excessive bail. Defendants executed a warrantless arrest of the plaintiff violating his 14th Amendment constitutional right . . . .

(DN 7).

---

[1] In the original complaint, Plaintiff indicates that he is referring to Tara Shell's cell phone.
[2] In the second amended complaint, Plaintiff additionally states that "the individual law enforcement officers should have known the plaintiff had common authority over the premises and should have requested the plaintiff's consent to speak to minors or search the premises." (DN 11).

In the original complaint, Plaintiff indicates that he is suing Defendant Foust for executing a warrantless arrest against him on December 25, 2023 (DN 1).

In second amended complaint, Plaintiff adds further detail to allegations set forth above and then makes the following additional claim:

> The City of Bowling Green, Ky, Bowling Green Police Department, Warren County Ky and Warren County Drug Task Force has failed to train its employees on sound law enforcement investigation, state and federal constitutions knowledge. Enforcing a policy and a custom of illegally searching premises, containers without the proper legal preliminaries . . . . They have also failed to properly supervise its staff to make sure constitutional rights violations are avoided . . . . After Tara Shell's death was ruled an accident they failed to act to remedy a wrong. The plaintiff is currently incarcerated and facing 30 years of confinement if convicted of all charges.

(DN 11).

As relief, Plaintiff seeks damages, release from incarceration, and suppression of the evidence found as a result of the illegal search and invalid search warrant.

## II.

Plaintiff challenges the validity of the search of Tara Shell's apartment, the search warrant that was issued, his arrest, and his prosecution – all of which clearly relate to his pending state-court criminal action.[3]  There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975).  Thus, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted).  The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v.*

---

[3] A review of Kentucky state-court records shows that on February 14, 2024, Plaintiff was charged in Warren County Circuit Court with enhanced trafficking in controlled substances, three counts of first-degree criminal abuse of a child 12 or under, and reckless homicide. *See Commonwealth v. Bowman*, No. 24-cr-00133 (Warren County Circuit Court), https://kcoj.kycourts.net (last accessed August 1, 2024).

3

*Harris*, 401 U.S. 37 (1971). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *See O'Neill*, 511 F.3d at 642.

Under *Younger,* a federal court shall abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman,* 420 U.S. at 611; (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, all of Plaintiff's claims relate to his ongoing state-court criminal case. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to

the validity of the search of Tara Kelly's apartment and phone, the search warrant, his arrest, and prosecution. Moreover, if he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court.

In addition, none of the circumstances that might permit Plaintiff to avoid the *Younger* abstention bar are present here. Although his pleadings may be construed to contend that his prosecution is in bad faith, his allegations fail to meet the narrow exception set forth in *Huffman*. With regard to that exception, the Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions."

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *9 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001). "Likewise, 'no Sixth Circuit case . . . has ever authorized federal intervention under the bad faith or harassment exception.'" *Doe v. Lee*, No. 3:21-cv-00809, 2022 U.S. Dist. LEXIS 71576, at *20 (M.D. Tenn. Apr. 19, 2022) (quoting *Watkins v. Ohio Dep't of Educ.*, No. 2:21-CV-04482, 2022 U.S. Dist. LEXIS 39298, at *19 (S.D. Ohio Mar. 7, 2022)). Here, Plaintiff does not allege that Defendants have initiated repeated prosecutions to harass him or that they have no intention of following through on the instant prosecution. Thus, the bad-faith exception does not apply here.

As to the second exception, Plaintiff does not challenge the constitutionality of any of the statutes he has been charged with violating. The third exception "is reserved for situations where 'the federal court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiff's constitutional claims . . . or the state judicial or administrative officers have a conflict of interest or are biased.'" *Goodwin v. Cnty. of Summit*, *Ohio*, 45 F. Supp. 3d 692,

704 (N.D. Ohio 2014) (quoting *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197, 1225 (E.D. Mich. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 107-08 (1975); *Gibson v. Berryhill*, 411 U.S. 564, 576-78 (1973)). The Court has already found that the Kentucky state courts provide Plaintiff with various opportunities to address his constitutional claims. Moreover, Plaintiff does not make allegations which suggest that the judge in his state-court criminal proceeding is biased against him or has a conflict of interest.

Thus, because *Younger* applies, to the extent that Plaintiff seeks injunctive relief in the form of release from incarceration and suppression of the evidence found as a result of an alleged illegal search and invalid search warrant, such claims must be dismissed. *See, e.g.*, *Lloyd*, 2018 U.S. App. LEXIS 33324, at *10 (affirming as proper the dismissal of claims for injunctive relief on *Younger* abstention grounds in a § 1983 action) (citing *Kelm v. Hyatt*, 44 F.3d 415, 422 (6th Cir. 1995)).

As to Plaintiff's damages claims, the Court will stay this action in light of *Younger*. *See Lloyd*, 2018 U.S. App. LEXIS 33324, at *10 ("Instead of dismissing this claim in its entirety, however, the district court arguably should have stayed the case pending resolution of the state court proceedings because Lloyd sought monetary damages in addition to equitable relief.") (citing *Doe v. Univ. of Ky.*, 860 F.3d 365, 372 (6th Cir. 2017) ("[W]e have consistently held that if a court abstains under *Younger*, it should stay any claim for damages rather than evaluate the merits and dismiss the case.")).

### III.

For the foregoing reasons, **IT IS ORDERED** as follows:

**1) Plaintiff's claims for injunctive relief are DISMISSED.**

**2) The remainder of this action is STAYED until the conclusion of Plaintiff's state criminal proceedings.**

**3) Plaintiff's motions for the appointment of counsel (DNs 4 & 12) are DENIED without prejudice to refiling once the stay is lifted**.

**4) Plaintiff's "declaration" for entry of default judgment (DN 15), which the Court construes as a motion, is DENIED because the Court has not yet conducted an initial review of this action as required by 28 U.S.C. §1915A, and, thus, no Defendant has been served.**[4]

**5) Plaintiff shall provide the Court with a status report within <u>30 days</u> of the conclusion of his state-court criminal proceedings**. The report should indicate whether Plaintiff has been convicted of the charges against him.

The Court will conduct an initial review of this action pursuant to 28 U.S.C. § 1915A once the stay is lifted.

Date: August 1, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Bowling Green City Attorney
Warren County Attorney
4414.011

---

[4] Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must screen the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).